**Hedwig POKRINCHAK, Mary Pokrinchak, and Jordan Pokrinchak, Appellants,**

v.

**HOLIDAY HOUSE MOTEL, INC., Appellee.**

No. 9978.

United States Court of Appeals Fourth Circuit.

Argued Nov. 5, 1965.

Decided Nov. 17, 1965.

Edwin B. Fockler, III, Elkton, Md., (Roney & Fockler, Elkton, Md., on the brief), for appellants.

Alleck A. Resnick, Baltimore, Md., (Kartman & Resnick, Baltimore, Md., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, and ALBERT V. BRYAN and J. SPENCER BELL, Circuit Judges.

HAYNSWORTH, Chief Judge:

The plaintiff sought to recover damages consequent upon an alleged deceit perpetrated by the sellers of a motel which she purchased at public auction. After a verdict of a jury for the defendant, she brought the case here complaining of the Court's instructions. We affirm, for we find the submission fair and complete.

In response to advertisements she had seen in the New York Times plaintiff, with an adviser or male companion, went to a motel in Maryland on the morning of the afternoon when it was to be put up for public sale. The plaintiff testified that she and her adviser went to the motel office, whereupon they were taken by the manager's wife into three rooms in one wing of the motel. She did not enter other open rooms in the vicinity of those she saw, but she testified that after her return to the office, she asked to see more of the rooms. The manager's wife, in his presence, so the plaintiff stated, responded that when she had seen three rooms she had seen them all. Later the manager did show her the heating plant and other facilities.

The plaintiff's testimony about the alleged statement of the manager's wife was contradicted by the defendant's evidence.

Testimony on behalf of the plaintiff indicated that after she purchased the motel at auction, she visited it on several occasions before the final closing and that, the day after she actually took possession, she discovered for the first time that some of the rooms in a wing which she had not inspected were uninhabitable because of severe termite infestation.

The Court submitted the case to the jury on the theory that under the laws of Maryland, recovery for deceit might be had if the manager's wife made the statement attributed to her by the plaintiff and if it was reasonably understood as a representation that all the other rooms were in comparable condition to that of those she had seen, or if it was intended to, and did, effectively divert the plaintiff from inspecting other rooms. In either event, however, the jury was told the plaintiff could recover only if the manager's wife had apparent authority to show the rooms and to speak for the defendant, that is, if the plaintiff reasonably understood that the manager's wife was acting for and in the interest of the sellers, and only if the jury found that the manager's wife actually made the statement the plaintiff attributed to her.

The plaintiff contends that she is entitled to recover if the sellers affirmatively misrepresented the condition of the motel or if they obstructed or prevented her discovery of its defects through an inspection of the affected rooms. The Court clearly informed the jury, however, that it might find a verdict for the plaintiff if it found the underlying facts to support either theory of the plaintiff's claim. In either event, the plaintiff's case was dependent upon a finding that the wife of the motel manager made the statement attributed to her by the plaintiff. There was no other evidence of an effective misrepresentation [1] or of an obstruction of an inspection. The Court properly instructed the jury that if it found that the manager's wife made no such statement, they must find for the defendant.

The instruction about the apparent authority of the wife to speak for the sellers was essential and as favorable to the plaintiff as she had any reason to expect. Such a statement in private to the plaintiff by her own adviser or by an obvious interloper in the absence of the sellers or any of their representatives would give rise to no cause of action against the sellers. It is only if the manager's wife spoke for the sellers or was reasonably understood by the plaintiff to speak for them, that the sellers could be held responsible for her conduct. Indeed, on this phase of the case, the Court's instructions approached a requirement that the jury find that the sellers were responsible for whatever the wife said; the verdict for the defendant is understandable only in terms of a finding by the jury that the alleged statement was not made, or, if made, that it did not affect the scope of the plaintiff's inspection.

We conclude that the plaintiff's criticisms of the Court's instructions to the jury are unfounded.

Affirmed.

---

1. The plaintiff testified that some of the damaged areas had been covered over with fresh plaster. She did not see the fresh plaster until after she took possession of the motel, however, and, when she did see it, she recognized it as camouflage. Application of the plaster may have been an attempted misrepresentation, but it was not effective, for it did not mislead the plaintiff.